

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| STATE OF LOUISIANA | CIVIL ACTION NO. 06-1368-A |
|---|---|
| -vs- | JUDGE DRELL |
| CLAUDINE ABBOTT, ET AL. | MAGISTRATE JUDGE KIRK |

### JUDGMENT

Before the Court are the following matters: (1) Defendants' Motion to Dismiss (Document No. 6); (2) Plaintiff's Motion for Preliminary and Permanent Injunction Pursuant to the Relitigation Exception of the Anti-Injunction Act (Document No. 2); (3) Defendants' Motion for Sanctions Against Plaintiff's Counsel: John B. Dunlap, III; Couhig Partners, LLC; David M. Latham; and Everitt Pratt & Latham, LLC (Document No. 21); (4) Defendants' Appeal of Magistrate Judge's Order Denying Defendants' Motion to Compel (Document No. 43); and (5) Plaintiff's Motion to Strike Affidavit of David C. Raphael, Jr. (Document No. 62). Magistrate Judge James D. Kirk has issued a Report and Recommendation addressing the Motion to Dismiss and issues regarding the underlying requests for injunctive relief. (Document No. 40.) The pending motions have been

thoroughly briefed, and all appropriate hearings and oral arguments have been conducted.

The Court has performed a thorough and independent review of the entire record in this case and has carefully considered all the arguments and equities advanced by the parties, including, but not limited to the objections to the Report and Recommendation and the additional briefing requested by the Court. Having done so, the Court finds that the essence of this case involves repeated attempts to reiterate and re-characterize the same arguments that were part and parcel of Judge Little's decision in State ex rel. Guste v. Public Investors Life Insurance Company, 866 F.Supp. 301 (W. D. La. 1993), affirmed, 35 F.3d 216 (5th Cir. 1994). This is the exact situation the relitigation exception to the Anti-Injunction Act is intended to cover. 28 U.S.C. § 2283; Chick Kam Choo v. Exxon Corp., 108 S.Ct. 1684 (1988). It is noteworthy that Judge Little's decision was appealed and affirmed *in toto*, and its result governs the decision in this case. Accordingly, for the reasons contained in the Magistrate Judge's Report and Recommendation previously filed herein, and concurring with the Magistrate Judge's findings under the applicable law;

IT IS ORDERED that Defendants' Motion to Dismiss (Document No. 6) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Permanent Injunction Pursuant to the Relitigation Exception of the Anti-Injunction Act (Document No.

2) is GRANTED, and Defendants are ordered to dismiss all precluded claims filed in "the *Abshire* litigation," as defined in the current lawsuit, as well as any such claims now pending in any federal court, and further prohibiting Defendants from bringing such precluded claims in the future.

IT IS FURTHER ORDERED that Defendants' Appeal of Magistrate Judge's Order Denying Defendants' Motion to Compel (Document No. 43) and Plaintiff's Motion to Strike Affidavit of David C. Raphael, Jr. (Document No. 62) are DENIED AS MOOT secondary to the substantive decisions enumerated above.

Finally, the Court finds entitlement to sanctions has in no way been shown in this validly and properly contested litigation, in which none of the attorneys can point to definitive, case-concluding, and authoritative support for their respective positions. Accordingly,

IT IS FURTHER ORDERED that Defendants' Motion for Sanctions Against Plaintiff's Counsel (Document No. 21) is DENIED.

SIGNED on this 26 day of March, 2008, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE